Brian Brazier, Esq. (SBN: 245004)
**Price Law Group, APC**
8245 N 85th Way
Scottsdale, AZ 85258
T: (818) 600-5564
F: (818) 600-5464
E: brian@pricelawgroup.com

Lauren Tegan Rodkey, Esq. (SBN: 275830)
**Price Law Group, APC**
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5526
F: (818) 600-5426
E: tegan@pricelawgroup.com

*Attorneys for Plaintiff,*
*Milada Picou*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| MILADA PICOU,<br><br>             Plaintiff,<br><br>      v.<br><br>THE GOLDEN 1 CREDIT UNION,<br><br>             Defendant. | Case No.: 2:19-cv-02786<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>1. Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*;<br>2. Cal. Civ. Code § 1788 *et seq.*;<br>3. Intrusion Upon Seclusion; and<br>4. Cal. Civ. Code § 3294 |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Milada Picou ("Plaintiff"), by and through her attorneys, alleges the following against Defendant The Golden 1 Credit Union ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things,

1. the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

3. Count III of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

4. Count IV of Plaintiff's Complaint is based upon Exemplary Damages, CAL. CIV. CODE § 3284, which allows a Plaintiff to recover punitive damages "where it is proven by clear and convincing evidence that the defendants have been guilty of oppression, fraud, or malice."

## **JURISDICTION AND VENUE**

5. Jurisdiction of this court arises under 47 U.S.C. § 227 *et seq.* and 28 U.S.C. § 1331.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims occurred in this District. Because Defendant transacts business here, personal jurisdiction is established.

## **PARTIES**

7. Plaintiff is a natural person residing in the Lancaster, Los Angeles County, California.

8. Plaintiff is a "debtor" as defined by CAL. CIV. CODE § 1788.2(h).

9. Defendants are "debt collectors" as defined by CAL. CIV. CODE § 1788.2(c).

10. At all relevant times herein, Defendants, were engaged, by use of mail and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by CAL. CIV. CODE § 1788.2(d).

11. Defendant is a credit union with its principal place of business located at 8945 Cal Center Drive, Sacramento, California 95826.

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. In or around May 2018, in an attempt to collect on one or more alleged consumer accounts, Defendant began calling Plaintiff on her cellular phone number ending in 8185 using an automatic telephone dialing system.

14. Defendant's calls mostly originated from (877) 465-3361.

15. Upon information and belief, Defendant is assigned the phone number.

16. On or about May 25, 2018, at 9:07 a.m., Plaintiff answered a phone call from (877) 465-3361 and spoke with a representative named Fred Clayton.

17. During this call, Plaintiff unequivocally revoked consent to be contacted any further on her cellular phone.

18. Despite revoking consent, Plaintiff continued to receive automatic telephone phone calls from Defendant.

19. On or about August 18, 2018, at 3:30 p.m., Plaintiff answered another phone call from (877) 465-3361 and spoke with a representative named Donna.

20. During this call, Plaintiff told the representative that she had already asked not to be called any further and was informed that she needed to send in a written request for the calls to cease.

21. Defendant did temporarily stop calling Plaintiff but decided to willfully ignore Plaintiff's revocation when it started calling again on September 11, 2018.

22. Between May 26, 2018 and October 25, 2018, Defendant willfully called Plaintiff on her cellular phone approximately ninety (90) times without consent and with the intent to annoy and harass her, in the hopes she would pay her alleged debt.

23. Plaintiff would often receive multiple calls a day from Defendant, indicating the use of an automatic telephone dialing system.

24. Each time Plaintiff received a phone call from Defendant there was a brief pause prior to speaking with a representative; further indicating the use of an automatic telephone dialing system.

25. Due to Defendant's actions, Plaintiff has suffered emotional distress, invasion of privacy, and actual damages.

## FIRST CAUSE OF ACTION

## TCPA, 47 U.S.C. § 227 *et seq.*

26. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

27. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

    a.    Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    b.    Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff using an artificial prerecorded voice or an automatic telephone dialing system without

her consent and as such, Defendant knowing and/or willfully violated the TCPA.

28. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

## SECOND CAUSE OF ACTION

### RFDCPA, CAL. CIV. CODE § 1788 *et seq*.

29. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

30. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated CAL. CIV. CODE § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

    b. Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

        i. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

        ii. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly

31. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

32. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## THIRD CAUSE OF ACTION

### Intrusion Upon Seclusion

33. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

34. Restatement of the Law, Second, Torts, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes… upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

35. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

   a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for the calls to cease.

   b. The number and frequency of the telephone calls to Plaintiff by Defendant after multiple requests for the calls to cease constitute an intrusion on Plaintiff's privacy and solitude.

   c. Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that often interrupted Plaintiff's work and sleep schedule.

   d. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

36. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages.

## FOURTH CAUSE OF ACTION

### Exemplary Damages – Punitive Damages

37. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

38. CAL. CIV. CODE § 3294(a) allows a Plaintiff to recover punitive damages "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice."

39. CAL. CIV. CODE § 3294(c)(1) defines "malice" as "conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard for the safety of others.

40. CAL. CIV. CODE § 3294(c)(2) defines "oppression" as "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights."

41. Plaintiff is informed and believes that the aforesaid conduct was malicious and oppressive, as those terms are defined by CAL. CIV. CODE §§ 3294(c)(1) and 3294(c)(2), as Defendant's conduct was done in complete conscious disregard of Plaintiff's rights.

42. Defendant was aware that Plaintiff had requested to not be called on her cell phone and Defendant continued its bombardment of harassing phone calls to Plaintiff in violation of the TCPA, RFDCPA and Plaintiff's privacy rights.

43. As a result of Defendant's conduct and violations, Defendants are liable to Plaintiff for punitive damages.

## PRAYER OF RELIEF

**WHEREFORE**, Plaintiff Milada Picou, respectfully requests judgment be entered against Defendant The Golden 1 Credit Union for the following:

1. A.  Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);
2. B.  Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227 (b)(3);
3. C.  Actual damages pursuant to RFDCPA, C<small>AL</small>. C<small>IV</small>. C<small>ODE</small> §1788.30(a);
4. D.  Statutory damages of $1,000.00 pursuant to the RFDCPA, C<small>AL</small>. C<small>IV</small>. C<small>ODE</small> §1788.30(b);
5. E.  Costs and reasonable attorneys' fees pursuant to the RFDCPA, C<small>AL</small>. C<small>IV</small>. C<small>ODE</small> §1788.30(c);
6. F.  Punitive damages to be determined at trial, for the sake of example and punishing Defendants for their malicious conduct, pursuant to C<small>AL</small>. C<small>IV</small>. C<small>ODE</small> § 3294(a).
7. G.  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and
8. H.  Any other relief that this Honorable Court deems appropriate.

Respectfully submitted this 11th day of April 2019.

**PRICE LAW GROUP, APC**

By:/s/ *Brian Brazier*
Brian Brazier, Esq. (SBN: 245004)
8245 N 85th Way
Scottsdale, AZ 85258
T: (818) 600-5564
F: (818) 600-5464
brian@pricelawgroup.com
*Attorneys for Plaintiff,*
*Milda Picou*